IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | | |
|---|---|---|
| ATLANTIC RESEARCH CORP., INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 02-CV-1199 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Judge Harry F. Barnes |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## CONSENT DECREE

This Consent Decree ("Decree") is made, as of the Effective Date of this Agreement, as defined in Paragraph 3 below, between Plaintiff Atlantic Research Corp., Inc. ("ARC") and Defendant United States of America ("United States"), collectively referred to as the "Parties."

WHEREAS, this action involves claims by ARC against the United States to recover response costs under the Comprehensive Environmental Response, Compensation and Liability Act, as amended, 42 U.S.C. §§ 9601-75 ("CERCLA") allegedly incurred by ARC in conjunction with response actions taken at property previously leased in the Highland Industrial Park, in Camden, Arkansas ("Site");

WHEREAS, the Parties desire to enter into this Decree to have a full and final resolution of any and all claims that were or could now be asserted by ARC against the United States, in connection with the Site, and to avoid the complications and expense of further litigation of such claims;

WHEREAS, the Parties agree that this Decree is fair, reasonable and in the public interest; and

WHEREAS, the Parties enter into this Decree without admitting any issue of fact or law arising from occurrences or transactions pertaining to the Site.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

1.    The Parties.  The Parties to this Decree are Atlantic Research Corp., Inc. and the United States.

2.    Application of this Decree.  This Decree applies to, is binding upon, and inures to the benefit of ARC (and its parent, successors, assigns and designees) and the United States. This Decree does not extend to or inure to the benefit of any party, person or entity other than ARC (and its parent, successors, assigns and designees) and the United States, and nothing in this Decree shall be construed to make any other person or entity not executing this Decree a third-party beneficiary of this Decree.

3.    Definitions.  Unless otherwise expressly provided herein, terms used in this Decree which are defined in CERCLA or its implementing regulations shall have the meaning assigned to them in CERCLA or its implementing regulations.  Whenever the terms listed below are used in this Decree, the following definitions shall apply:

a.    "Aerojet" shall mean Aerojet-General Corporation, including its predecessors, successors, assigns and related companies.

b.    "Amended Complaint" shall mean the pleading entitled "Amended Complaint" filed by ARC in this action on or about December 23, 2004.

2

c.    "ARC" shall mean Plaintiff, Atlantic Research Corp., Inc., including its parent,

predecessors, successors, assigns, designees and related companies.

d.    "ARC's Historical Environmental Liabilities" shall mean any liability or

obligation of ARC, arising out of any release by ARC, of hazardous substances,

hazardous wastes, or other contamination in existence on or before October 17,

2003, and present in, on or under the Site.

e.    "CERCLA" shall mean the Comprehensive Environmental Response,

Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-75.

f.    "Covered Matters" shall mean any and all past and future claims for Response

Costs that were, could now be, or hereafter could be asserted by ARC against the

United States, arising out of or in connection with the release or threatened release

of pollutants, contaminants, solid waste, hazardous waste, or hazardous

substances at, on, or emanating from the Site, including any claims relating to

ARC's Historical Environmental Liabilities and to any other pollutants,

contaminants, solid waste, hazardous waste, or hazardous substances which have

emanated, which are emanating, or which in the future may emanate from, or be

located at or on, the Site.

g.    "Day" shall mean a calendar day. In computing any period of time under this

Decree, where the last day would fall on a Saturday, Sunday or Federal holiday,

the period shall run until the close of business on the next day that is not a

Saturday, Sunday or Federal holiday.

h.    "Decree" shall mean this Consent Decree.

3

i.    "Effective Date," shall mean the date this Decree is entered by the Court.

j.    "Interest" shall mean the rate that is specified for interest on investments of the

Hazardous Substances Superfund established under subchapter A of Chapter 98 of

Title 26 of the United States Code.

k.    "Remedial Action" shall have the meaning set forth at 42 U.S.C. § 9601(23).

l.    "Removal Action" means any action or activity within the scope of the term

"removal" as that term is defined at 42 U.S.C. § 9601(22).

m.    "Response Action" means any Removal Action or Remedial Action.

n.    "Response Costs" means costs incurred in the performance of a Response Action.

o.    "Site" shall mean the facility identified in Paragraph 7 of the Amended

Complaint.

p.    "United States" means the Defendant in this action, including the United States of

America and all of its departments, agencies and instrumentalities, their officers,

directors and employees, and any predecessors, successors and assigns.

4.    Releases and Covenants Not To Sue by Plaintiff.

a.    Effective on the date on which the United States makes the payment to

ARC pursuant to paragraph 7 of this Decree, ARC hereby releases and covenants not to sue the

United States and releases, surrenders, and forever discharges any and all claims or causes of

action, in law or equity, whether known or unknown, against the United States based on

CERCLA or any other federal law, state law or common law for Covered Matters.

(i) ARC certifies, subject to the penalties of the False Claims Act, 31 U.S.C. § 3729 et

seq., and other applicable law, that, to the best of its knowledge, information and belief, no

4

portion of the payment being made under paragraph 7 of this Decree reflects payment for response costs that already have been reimbursed by the United States through contracts or otherwise.

(ii) ARC agrees that it shall not seek or accept, from the United States or Aerojet, reimbursement for response costs incurred by ARC prior to October 17, 2003. Except as may otherwise be provided in the May 2, 2003 Asset Purchase Agreement and/or the October 17, 2003 Environmental Action Agreement signed by ARC and Aerojet, ARC further agrees that it shall not seek or accept, from the United States or Aerojet, reimbursement for any other costs related to Covered Matters.

(iii)    ARC further agrees that it shall not seek or accept reimbursement for any costs related to Covered Matters, either directly or in connection with any past, existing or future contracts or other agreements with or grants or subsidies funded by or received from, the United States. If ARC becomes aware of or is offered any such reimbursement or other benefit, it shall promptly give notice of the terms of this Decree to the individual, agency or other entity that is offering or has provided such reimbursement or other benefit, and shall simultaneously notify the United States at the following address:

Chief, Environmental Defense Section
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 23986
Washington, DC 20026-3986
Re: DJ # 90-11-6-16925

b.    Except as provided in paragraph 4(c) of this Decree, effective on the date on which the United States makes the payment to ARC pursuant to paragraph 7 of this Decree, ARC further releases and covenants not to sue Aerojet, and releases, surrenders, and forever

discharges any and all claims or causes of action, in law or equity, whether known or unknown, against Aerojet based on CERCLA or any other federal law, state law or common law for ARC's Historical Environmental Liabilities relating to the Site.

      c.     Nothing in this Decree shall affect in any way the rights, duties and obligations of ARC and Aerojet contained in the May 2, 2003 Asset Purchase Agreement and/or the October 17, 2003 Environmental Action Agreement.

      5.     <u>Indemnification by Plaintiff.</u> ARC shall indemnify and hold harmless (but not defend) the United States against any and all past or future claims asserted against the United States, by any other entity with respect to Covered Matters. Provided, however, that ARC's total obligations pursuant to this paragraph 5 shall not exceed $1,350,000.

      6.     <u>Protection Against Claims</u>.

      a.     The Parties acknowledge and agree that the payment to be made by the United States pursuant to this Decree represents a good faith compromise of disputed claims and that the compromise represents a fair, reasonable, and equitable discharge for the Covered Matters. With regard to any claims for costs, damages or other claims against the United States for Covered Matters, the Parties agree and the Court finds that the United States is entitled to, as of the effective date of this Decree, contribution protection pursuant to section 113(f) of CERCLA, 42 U.S.C. § 9613(f) and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the United States' liability to persons not party to this Decree. Any rights the United States may have to obtain contribution or otherwise recover costs or damages from persons not party to this Decree are preserved.

b.    The Parties agree to join in and/or support, as may be appropriate, such legal proceedings as necessary to secure the Court's approval and entry of this Decree and to secure and maintain the contribution protection contemplated in this Decree.

7.    Payment.

a.    As soon as reasonably practicable after the Effective Date of this Decree, the United States will pay $1,350,000 to Plaintiff. Payment shall be in the form of an Electronic Funds Transfer in accordance with instructions provided by the Plaintiff. Written payment instructions shall be provided by the Plaintiff to the United States within three (3) calendar days of the date of entry of this Decree.

b.    If such payment is not made in full within one hundred and twenty (120) days after written payment instructions are provided by the Plaintiff to the United States, then interest on the unpaid balance shall be paid commencing on the 121st day after the date such instructions are provided. Interest shall accrue at the rate specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the United States Code. If the payment to be made by the United States under this paragraph is not made within 180 days after the effective date of this Decree, ARC may apply to the Court for such relief as the Court may deem appropriate.

c.    Said payment by the United States is subject to the availability of funds appropriated for such purpose. No provision of this Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341.

7

8.    Covenant Not to Sue by United States and Reservation. The United States hereby covenants not to sue ARC for Covered Matters, except the United States specifically reserves its right to assert against ARC any claims or actions regarding the Site on behalf of the United States Environmental Protection Agency or a federal natural resource trustee. Nothing in this Decree shall constitute or be construed as a waiver, limitation, or release of any claims or causes of action by the United States to enforce any federal laws or regulations in connection with the Site.

9.    Effect of Settlement/Entry of Judgment.

a.    This Decree was negotiated and executed by ARC and the United States in good faith and at arms length, and is a fair and equitable compromise of claims, which were vigorously contested. This Decree shall not constitute or be construed as an admission of any issue of fact or law by the United States. Nor is it an admission or denial of any factual allegations set out in the Amended Complaint or elsewhere, or an admission of violation of any law, rule, regulation or policy by any of the Parties to this Decree.

b.    Upon entry of this Decree by the Court, this Decree shall constitute a final judgment among the Parties.

10.    Notification. The United States shall notify ARC in writing of any complaint regarding ARC's Historical Environmental Liabilities that is filed against it relating to the Site as soon as practicable, and the United States agrees not to settle any such action without first notifying ARC and providing it with a reasonable opportunity to discuss any proposed settlement.

11.    Retention of Jurisdiction. This Court shall retain jurisdiction over both the Decree and the Parties for the duration of the performance of the terms and provisions of this

Decree, for the purpose of enabling any Party to apply to the Court, consistent with this Decree,

for such further order, direction and relief as may be necessary or appropriate for the construction

or modification of this Decree, or to effectuate or enforce compliance with its terms, or to resolve

any disputes arising under this Decree.

12.    Dismissal with Prejudice of Complaint and Counterclaim.  Upon entry of this

Decree, all claims against the United States and against ARC in this case, whether alleged in the

Complaint, Amended Complaint, as a cross-claim, counterclaim, or third-party claim, or

otherwise, shall be dismissed with prejudice.

13.    Representative Authority.  The representatives of the Parties signing this Decree

hereby certify that they are authorized to bind their respective party to this Decree.

14.    Costs and Fees.  Plaintiff and the United States shall each bear their own costs and

expenses, including attorneys' fees, in this case.

For the United States:


Dated:  April 1, 2009                    Respectfully Submitted,

                                         JOHN C. CRUDEN
                                         Acting Assistant Attorney General
                                         Environment and Natural Resources Division

                                         _____
                                         JOSHUA M. LEVIN
                                         PERRY R. ROSEN
                                         United States Department of Justice
                                         Environmental Defense Section
                                         P.O. Box 23986
                                         Washington, D.C. 20026-3986
                                         Telephone: (202) 514-4198
                                         Facsimile: (202) 514-8865
                                         joshua.levin@usdoj.gov
                                         perry.rosen@usdoj.gov

9

DEBORAH J. GROOM
Acting United States Attorney

MARK WEBB
Assistant U. S. Attorney
Western District of Arkansas
414 Parker Ave.
Fort Smith, AR 72901
(479) 783-5125

Counsel for the Defendant

For Atlantic Research Corp.:

STEVEN R. LOWSON
Vice President and
Corporate Secretary
Atlantic Research Corporation
200 Park Avenue, 44th Floor
New York, NY  10166
Telephone: (212) 692-2634
Facsimile: (212) 661-2189
Steven_Lowson@Sequa.com

THOMAS ARMSTRONG
von Briesen & Roper, s.c.
411 East Wisconsin Avenue, Suite 700
Milwaukee, WI  53202
Telephone: (414) 287-1214
Facsimile: (414) 276-6281
TARMSTRO@vonbriesen.com

FLOYD M. THOMAS, JR.
Compton, Prewett, Thomas & Hickey, LLP
423 North Washington Ave.
P.O. Drawer 11210
El Dorado, AR 71730-3478
Telephone: (870) 862-3478
Facsimile: (870) 862-7228
floyd@eldolaw.com

11

## ORDER

UPON CONSIDERATION OF THE FOREGOING, the Court hereby finds that this

Decree is fair and reasonable, both procedurally and substantively, consistent with applicable

law, in good faith, and in the public interest.  THE FOREGOING Decree is hereby ENTERED.

This Court expressly directs, pursuant to Rule 58, Fed. R. Civ. P., ENTRY OF FINAL

JUDGMENT in accordance with the terms of this Decree, SIGNED and ENTERED this _2_

day of _April_ 2009.

_____
UNITED STATES DISTRICT JUDGE

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

APR 0 2 2009

CHRIS R. JOHNSON, Clerk
By _____
        Deputy Clerk

12